**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**

CARLOS CASTILLEJOS, individually and on behalf of all others similarly situated,

*Plaintiff*,

vs.

ORTHOTECH LLC d/b/a SMILESET,

*Defendant*.
_______________________________________/

**CLASS ACTION**

**Case No. 5:26-cv-01579-MA**

**JURY TRIAL DEMANDED**

# FIRST AMENDED CLASS ACTION COMPLAINT[1]

Plaintiff Carlos Castillejos ("Plaintiff"), brings this action against Defendant Orthotech, LLC d/b/a Smileset ("Defendant"), and states:

## NATURE OF THE ACTION

1. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (the "TCPA") and the Texas Business and Commerce Code § 305.053 ("TBCC").

2. Defendant is a dental services company that provides orthodontic aligners and related products to consumers, across the United States.

3. To promote its services, Defendant engages in unsolicited telemarketing to consumers that have never had any relationship with Defendant, and intentionally ignores the National Do Not Call

---

[1] Amended as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). A redline version of the amendments to the pleading is attached as **Exhibit A**.

Registry. Defendant utilizes text message[2] marketing to push its products and services without regards to consumers' rights under the TCPA and TBCC.

4. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of himself and members of the class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

5. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute (the TCPA).

6. Jurisdiction is independently proper under 28 U.S.C. § 1332(d)(2) for the TBCC claim because Plaintiff alleges a Texas class and Defendant is a foreign company with its principal place of business located in Tennessee. Thus, complete diversity exists between the Texas Do Not Call Registry Class and Defendant. The proposed Class contains more than 100 members, and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

7. Plaintiff seeks $1,500.00 in damages for each text message sent to Plaintiff and the Texas Do Not Call Registry Class in violation of the TBCC. Plaintiff alleges that Defendant engages in a pattern and practice of intentionally disregarding the National Do Not Call Registry, thereby placing

---

[2] As recently noted by Magistrate Judge Torres of this Court, "the weight of authority, confirm[s] that text messages are actionable under § 227(c)." *Callier v. United Fundings Ltd. Liab. Co.*, No. 3:24-CV-00363-LS-MAT, 2026 U.S. Dist. LEXIS 83725, at *20 (W.D. Tex. Apr. 15, 2026); *see also Watkins v. EyeBuyDirect, Inc.*, No. 1:25-CV-538-RP, 2025 U.S. Dist. LEXIS 167479, at *6 (W.D. Tex. Aug. 28, 2025)("Though the Court could end its analysis here, it further notes that other courts have also held that 47 C.F.R. § 64.1200(d) applies to text messages, pursuant to subsection 64.1200(e).")(Pitman, J.); *Alvarez v. Fiesta Nissan, Inc.*, No. 7:25-CV-00343, 2026 U.S. Dist. LEXIS 14155, at *20 (S.D. Tex. Jan. 26, 2026)("Specifically, considering the plain language of the statute, this Court finds that 'telephone calls' in the context of § 227(c)(5) include text messages[.]")(Crane, J.).

treble damages in controversy. Plaintiff received at least three (3) text messages in violation of the TBCC for a total of at least $4,500 in statutory damages.

8. Because the Texas Do Not Call Registry Class, as defined in this Complaint, requires more than one text message within a 12-month period, the $5 million threshold is met at the $500 floor with only 5,001 class members receiving two violative texts each, and at the $1,500 level with only 1,667 class members receiving two text messages each, and only 1,112 class members if Plaintiff is representative of the class.

9. Plaintiff's damages calculations and CAFA jurisdictional allegations are supported by the following facts:

a. SmileDirectClub, LLC was a teledentistry company that filed for bankruptcy in 2023 and failed to find a buyer, ceasing operations in December 2023.

b. During the time it was in business, SmileDirectClub serviced over 2 million customers, an estimate that Defendant now misleadingly suggests is its own on its website.[3]

c. Subsequently, Defendant acquired the assets and technology of SmileDirectClub, including SmileDirectClub's customer database and began to aggressively text message those consumers without regard to whether they had a business relationship with Defendant or whether their numbers were listed on the National Do Not Call Registry.

---

[3] *See* fortune.com/2023/12/29/smiledirectclub-bankruptcy-shutting-down-faq-customer-impact/;

smileset.com/pages/former-smiledirectclub-customers?page=7&srsltid=AfmBOortey5vskLCwkxpFBeyrVY7-9Fa38trZR0CASqwQqGg-BTtqQO_

d. Plaintiff was one such consumer who had ceased being a customer of SmileDirectClub years prior and the began receiving text message solicitations from Defendant approximately one year after the acquisition of assets.

e. Defendant's unlawful telemarketing activities resulted in consumers filing lawsuits against Defendant under the TCPA and state laws.

f. For example, lawsuits alleging materially similar text message practices against Defendant have been filed in multiple federal courts during the period preceding this action, including *Robinson v. OrthoTech, LLC*, No. 9:25-cv-80355 (S.D. Fla., filed Mar. 17, 2025), *Maniaci v. OrthoTech, LLC*, No. 2:25-cv-11138 (E.D. Mich., filed Apr. 21, 2025), *Ferrell v. Orthotech, LLC*, No. 6:25-cv-00330 (E.D. Okla., filed Sept. 15, 2025), and *Vaughn v. Orthotech LLC*, No. 3:26-cv-00632 (N.D. Tex., filed Feb. 26, 2026). These other lawsuits support Plaintiff's allegations that Defendant regularly and intentionally engages in text message marketing with no regard for the National Do Not Call Registry. In other words, that Defendant's conduct was willful or knowing.

g. Defendant also admits to utilizing "autodialed" technology to text message consumers.[4]

h. Public federal data shows that, as of the FTC's fiscal year 2025 Do Not Call Data Book, the National Do Not Call Registry contained approximately 259 million active registrations, of which 18,146,997 were in Texas. Texas

[4] www.smileset.com/policies/privacy-policy

therefore accounts for approximately 7.0% of all active national Do Not Call registrations.[5]

i. As noted, Defendant acquired SmileDirectClub's technology and assets, markets directly to former SmileDirectClub customers, tells those former customers to "watch out for messages from our team," and states that some former customers' files are in its possession.[6] In other words, Defendant sends marketing texts to consumers like Plaintiff who have never had a relationship with Defendant simply because Defendant acquired SmileDirectClub's customer database.

j. Using Texas's approximately 7.0% share as a conservative proxy (154,000 former SmileDirectClub customers, including Plaintiff), only about 3.3% (5,001) of those individuals would need to satisfy the existing Texas class definition to place more than $5,000,000 in controversy at the TBCC's $500 floor, and only about 1.08% (1,667) would be needed because treble damages are alleged.

10. Based on Defendant's unlawful scheme of sending solicitations to customers whose information it unilaterally acquired, its disregard for the National Do Not Call Registry, and use of an autodialer to transmit generic solicitation text messages en masse, Plaintiff alleges that the Texas Do Not Call Registry Class alone contains more than 100 members and, upon information and belief, numbers in the thousands and exceeds 5,001

---

[5] www.ftc.gov/system/files/ftc_gov/pdf/DNC-Data-Book-2025.pdf

[6] smileset.com/pages/former-smiledirectclub-customers?srsltid=AfmBOopmjiXPmR5Dvb8N0cX7tiwa7rdJPhOXh8QbyWCFovk5u2ZOtMLA

persons, and that the aggregate amount in controversy on the TBCC claim alone exceeds $5,000,000, exclusive of interest and costs.

11. Venue is proper in the United States District Court for the Western District of Texas pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff resides within this District, Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred within the Western District of Texas and, on information and belief, Defendant has sent the same text messages complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts in making such calls have occurred within this district, subjecting Defendant to jurisdiction in the Western District of Texas.

## **PARTIES**

12. Plaintiff is a natural person who, at all times relevant to this action, including on the dates that he received Defendant's text messages, was located in, and was a citizen and resident of Comal County, Texas.

13. Plaintiff is, and at all times relevant hereto was, an individual and the sole suscriber of the residential telephone number ending in 5742 (the "5742 Number") that received Defendant's text messages.

14. Defendant is a Delaware limited liability company whose principal address is located at 2500 Murfreesboro Pike, STE 105-396, Nashville, TN 37217.

15. Defendant directs, markets, and provides its business activities throughout the State of Texas.

16. Unless otherwise indicated, the use of Defendant 's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS

17. Defendant is a dental services company that provides orthodontic aligners, retainers, and related dental products to consumers across the United States, including in Texas.

18. Beginning at least in December 2024, Defendant sent multiple telemarketing text messages to Plaintiff's 5742 Number. Below is an example from December 2024:



19. Defendant's text messages were transmitted to Plaintiff's cellular telephone, and within the time frame relevant to this action.

20. Plaintiff was located in Texas when he received Defendant's text messages.

21. Defendant's text messages constitute telemarketing because they encouraged the future purchase or investment in Defendant's property, goods, or services, i.e., Defendant's dental aligner products and orthodontic services.

22. The information contained in the text message advertises Defendant's various promotions, which Defendant sends to promote its business.

23. Defendant's texts were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

24. At no point in time did Plaintiff provide Defendant with his express consent to be contacted.

25. Plaintiff has no existing business relationship with Defendant.

26. Plaintiff is the subscriber and sole user of the 5742 Number and is financially responsible for phone service to the 5742 Number.

27. Plaintiff's 5742 Number is his residential telephone number used for personal purposes. Plaintiff's 5742 Number is his primary way of being contacted in his home.

28. Plaintiff registered his 5742 Number with the national do-not-call registry on March 31, 2017, and has been registered at all times relevant to this action.

29. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

30. The text messages originated from at least telephone number 94081, a number which is owned and/or operated by Defendant.

31. On information and belief, Defendant sought a financial benefit from the telemarketing text messages it placed to Plaintiff and the putative class members, as it attempted to derive business from these messages.

32. Defendant's unsolicited text messages caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's text messages also inconvenienced Plaintiff and caused disruption to his daily life.

33. Defendant's violations of the TCPA and TBCC were willful or knowing because Defendant, as reflected by the other lawsuits filed against Defendant, engages in a regular pattern and practice of disregarding the National Do Not Call Registry.

## CLASS ALLEGATIONS

### PROPOSED CLASS

34. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

35. Plaintiff brings this case on behalf of the Classes defined as follows:

> **National Do Not Call Registry Class: All persons in the United States who from four years prior to the filing of this action (1) were sent a text message more than one time within any 12-month period; (2) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) regarding Defendant's products and/or services; and (5) for whom Defendant claims (a) it did not obtain prior express consent, or (b) it obtained prior express consent in the same manner as Defendant claims it supposedly obtained prior express consent to call the Plaintiff.**

> **<u>Texas Do Not Call Registry Class</u>: All persons in the Texas who from four years prior to the filing of this action (1) were sent a text message more than one time within any 12-month period; (2) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) regarding Defendant's products and/or services; and (5) for whom Defendant claims (a) it did not obtain prior express consent, or (b) it obtained prior express consent in the same manner as Defendant claims it supposedly obtained prior express consent to call the Plaintiff.**

36. Defendant and its employees or agents are excluded from the Class.

<u>NUMEROSITY</u>

37. Defendant has placed violative calls to cellular telephone numbers belonging to thousands of consumers who are registered on the Do Not Call registry. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

38. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

<u>COMMON QUESTIONS OF LAW AND FACT</u>

39. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

a) Whether Defendant violated the TCPA;

b) Whether Defendant violated the TBCC;

c) Whether Defendant's conduct was knowing and willful;

d) Whether Defendant violated the privacy rights of Plaintiff and members of the class;

e) Whether Defendant is liable for damages, and the amount of such damages; and

f) Whether Defendant should be enjoined from such conduct in the future.

40. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

41. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

42. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

43. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

44. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not.

Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**Violation of the TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

45. Plaintiff repeats and realleges paragraphs 1 through 44 of this Complaint and incorporates them by reference herein.

46. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

47. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[7]

48. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

49. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a

[7] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

50. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

51. Defendant's misconduct was willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**COUNT II**
**Violation of the TBCC § 305.053**
**(On Behalf of Plaintiff and the Texas Do Not Call Registry Class)**

52. Plaintiff repeats and realleges paragraphs 1 through 44 of this Complaint and incorporates them by reference herein.

53. The TBCC provides: "A person who receives a communication that violates 47 U.S.C. Section 227, ***a regulation adopted under that provision***, or Subchapter A may bring an action in this state against the person who originates the communication for: (1) an injunction; (2) damages in the amount provided by this section; or (3) both an injunction and damages." Texas Bus. & Com. Code §305.053(a) (emphasis added).

54. Defendant has violated regulations adopted under section 227(c) of the TCPA.

55. Specifically, as set forth above, Defendant violated 47 C.F.R. § 64.1200(c) of the TCPA's implementing regulations by initiating, or causing to be initiated, telephone solicitations to

telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry.

56. Moreover, 47 C.F.R. § 64.1200(e) provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

57. Under the TBCC, Plaintiff and the Class members are entitled to recover $500 in statutory damages for each violative text message. Texas Bus. & Com. Code §305.053(b).

58. Defendant willfully or knowingly violated the TBCC by engaging in a continued corporate practice of intentionally text messaging consumers with no regarding to whether their telephone numbers were listed on the National Do Not Call Registry. Plaintiff and the Class members are therefore entitled to $1,500 in statutory damages per violation. Bus. & Com. Code §305.053(c).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of actual and statutory damages under the TCPA and TBCC for Plaintiff and each member of the Class;

c) An order declaring that Defendant's actions, set out above, violate the TCPA and the TBCC;

d) An injunction requiring Defendant to cease all unsolicited text messaging activity, and to otherwise protect the interests of the Class;

e) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

Dated: May 1, 2026

Respectfully Submitted,

**EISENBAND LAW P.A.**
*/s/ Michael Eisenband*
Michael Eisenband
Florida Bar No. 94235
515 E. Las Olas Boulevard, Suite 120
Ft. Lauderdale, Florida 33301
Email: MEisenband@Eisenbandlaw.com
Telephone: 954.732.2792
Attorney for Plaintiff

By: */s/ Manuel Hiraldo*
**HIRALDO P.A.**
Manuel S. Hiraldo
Florida Bar No. 030380
246 Shore Court
Lauderdale-by-the-Sea, FL 33308
Email: mhiraldo@hiraldolaw.com
Telephone: 305.336.7466
**LEAD COUNSEL**